UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACK H. BEAUPRE,

                           Plaintiff,

v.                                                    Case No.  5:05-cv-36-Oc-GRJ

JO ANNE B. BARNHART,
Commissioner of Social Security,

                           Defendant.
_____/

## <u>ORDER</u>

Pending before the Court is Defendant's Motion For Entry of Judgment With

Remand.  (Doc. 21.)  The Defendant, Jo Anne B. Barnhart, Commissioner of Social

Security (the "Commissioner") requests the Court to remand this case to the

Commissioner with directions that the Administrative Law Judge ("ALJ") obtain

supplemental evidence in order to make additional findings of fact.[1] Plaintiff has filed a

memorandum in opposition (Doc. 22) opposing the Commissioner's motion for a

remand and instead requesting that the Court either remand for a calculation of

benefits, or remand for a new hearing at which the opinions of Plaintiff's treating

physicians, Drs. Pedersen, Schwartzman, and Williams and Beaupre's testimony would

---

[1] Specifically, the Commissioner requests the Court to remand to: (1) update the medical record from treating sources and obtain neurological and mental status consultative examinations, if needed; (2) obtain supplemental evidence from a medical expert to assist in evaluating the nature and severity of the Plaintiff's impairments and in resolving any conflicts in the medical findings and opinions; (3) obtain supplemental evidence from a vocational expert, if needed; (4) further evaluate the nature and severity of all medically determinable physical and mental impairments and provide a function by function assessment of Plaintiff's maximum residual functional opinions, providing an explanation of the reasons for the weight accorded to those opinions, including the opinions of Drs. Pedersen and Schwartzman, and as appropriate, Ms. O'Meara; and (5) ensure that the findings are consistent with the conclusions reached in the rationale.

be deemed true. The Commissioner has filed a Response (Doc. 24) arguing that the appropriate remedy in this case is to remand this action for further fact finding and not to reverse for payment of benefits.[2] For the reasons that follow, the Commissioner's Motion For Entry of Judgment With Remand is due to be **GRANTED**.

## **DISCUSSION**

Plaintiff objects to remand and instead argues that because this case was previously remanded by this Court, the Court should not give the Commissioner another chance when the ALJ failed to comply with the Court's previous remand order. Relying upon *MacGregor v. Bowen*[3] - in which the Eleventh Circuit held that the Court should accept as true the opinion of a treating physician where the Commissioner has failed to specify the weight to be given to the opinion - and *Moisa v. Barnhart*[4] - from the Ninth Circuit - Plaintiff argues that the Court should not remand but rather reverse for an award of benefits.

The Commissioner, while tacitly conceding that the ALJ committed error in his analysis, relies upon the general rule announced by the Supreme Court in *INS v. Ventura,*[5] and a line of cases from the Eleventh Circuit, predating *MacGregor,*[6] for the

---

[2] Because the Commissioner did not have an opportunity to address Plaintiff's arguments, and in view of the fact that Plaintiff does not object to the Commissioner's Motion For Leave to File a Response (Doc. 23) the motion for leave to file a response is **GRANTED**.

[3] 786 F.2d 1050 (11th Cir. 1986).

[4] 367 F.3d 882, 887 (9th Cir. 2004).

[5] 537 U.S. 12, 16 (2002).

[6] Broughton v. Heckler, 776 F.2d 960, 962 (1985) (holding that remand was necessary when the ALJ failed to give proper weight to the opinion of the treating physician); Wiggins v. Schweiker, 679 F.2d 1982 (11th Cir. 1982); Smith v. Schweiker, 646 F.2d 1075 (5th Cir. 1981).

view that a Court reviewing an administrative decision may not make findings on its own when the agency commits error and instead should remand a case to the agency to weigh the evidence.

In the instant case, the ALJ acknowledged the opinions of Drs. Pedersen and Schwartzman - both treating physicians - without articulating the weight, if any, he gave to those opinions. Further, the ALJ rejected the opinion of Dr. Williams, the treating psychiatrist, for reasons that the Plaintiff contends are not supported by substantial evidence.

The rule in the Eleventh Circuit is that the Court may assume that the Commissioner has accepted the opinion of the treating physician as true as a matter of law, where the Commissioner has ignored or failed properly to refute a treating physician's testimony.[7] Neither the Commissioner nor the Plaintiff disputes this principle. This principle does not mean, however, that the sole remedy for violating the "treating physician" rule is to reverse for an award of benefits and not to remand for application of the proper standard.

A close reading of *MacGregor* does not support Plaintiff's argument that the Court should reverse rather than remand. Moreover, *MacGregor* is not consistent with other decisions from the Eleventh Circuit, where the agency decisions were remanded for further fact finding, rather than reversed for an award of benefits.[8]

---

[7] *MacGregor*, 786 F.2d at 1053.

[8] The Commissioner's reliance on the circuit's prior precedent rule as support for her interpretation of Eleventh Circuit law is misplaced. The circuit's prior precedent rule provides that in the event of conflicting decisions, the precedent established by the first panel binds all subsequent panels until the conflict is resolved *en banc. See,* United States v. Steele, 147 F.3d 1316, 1317-18 (11th Cir. 1998). The prior precedent rule of the Circuit, however, is a rule imposed by the court of appeals upon itself. It does not convey a license to the district courts to decide whether panel decisions of the circuit are in conflict and, if so, to disregard selected decisions of the court.

A close of reading of *MacGregor* discloses that the panel did not even discuss the issue of whether remand or reversal for an award of benefits is the appropriate remedy. One of the reasons that there was no need to discuss the remedy of reversal versus remand in *MacGregor* was because the ALJ, there, had found the claimant to be disabled but the Appeals Council denied disability. Therefore, by reversing the decision of the Appeals Council, the finding of disability by the ALJ was reinstated.

Moreover, as support for the rule that it is reversible error to violate the "treating physician "rule, *MacGregor* relied upon *Broughton*[9] *and Wiggins,*[10] both previous Eleventh Circuit cases in which the court remanded rather than reversed for an award of benefits because the Commissioner had violated the "treating physician" rule.

In addition to the fact that *MacGregor* did not announce any rule on the appropriate remedy to be applied for violating the "treating physician rule," there are other decisions from the Eleventh Circuit[11] (and the former Fifth Circuit)[12] both before *MacGregor*, as well as after,[13] in which the court remanded the case to the agency for further fact finding even though there was a failure to provide an adequate credibility determination, a similar circumstance in which the Court could assume as a matter of law that the testimony is true.

---

[9] 776 F.2d 960, 962.

[10] 679 F.2d 1982.

[11] *See, e.g.* Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir. 1983).

[12] *See, e.g.* Smith, 646 F.2d 1082-83.

[13] *See, e.g.* Johns v. Bowen, 821 F.2d 551, 557 (11th Cir. 1987); Mason v. Bowen, 791 F.2d 1460 (11th Cir. 1986).

Accordingly, while *MacGregor* stands for the rule that the opinion of a treating physician may be deemed true as a matter of law where the Commissioner fails to properly consider it, *MacGregor* does not mandate that the sole remedy is reversal for an award of benefits.

Additionally, as the Commissioner argues, the Supreme Court in *Ventura* expressly recognized that a court reviewing a decision of an administrative agency 'is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry . . . [T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.' "[14]

That result is particularly appropriate in this case, where the ALJ will be required to obtain supplemental evidence from a medical expert to assist in evaluating the nature and severity of Plaintiff's impairments and then to provide a function by function assessment of Plaintiff's residual functional capacity. Additionally, on remand the ALJ will be required to update the medical record from the treating sources and obtain neurological and mental status consultative examinations if needed. As part of this process of updating and properly reviewing additional evidence and medical information the ALJ will be required to then explain in light of the other evidence of record the reasons for the weight accorded to the opinions of Drs. Pedersen and Schwartzman.

Accordingly, it would be inappropriate to reverse for an award of benefits based on the finding that the opinions of the treating physicians are deemed to be true

---

[14] <u>Ventura</u>, 537 U.S. at 16 (quoting <u>Fla. Power & Light Co. v. Lorion</u>, 470 U.S. 729, 744 (1985).

because there was other evidence evaluated by the ALJ  - and there will be additional evidence obtained and evaluated on remand - all of which will be material to the fact finding by the ALJ in determining Plaintiff's RFC and in determining the weight to be accorded to the opinions of Plaintiff's treating physicians.

In this regard this case is different from the rare circumstance presented in *Moisa*. There, the Ninth Circuit reversed and remanded for an award of benefits finding that remand to the agency was not required under *Ventura* because the determination of whether the claimant was eligible for benefits turned *entirely* on the credibility of the claimant's subjective pain testimony. As a consequence, in *Ventura* no further agency expertise or evaluation was required. In contrast, here, disability is not solely dependent upon the finding of the treating physicians but rather will involve the evaluation of additional medical evidence obtained from the treating sources as well as medical evidence from consultative examinations. As such, this case does not qualify as one of the rare circumstances in which remand to the agency for additional investigation would be inappropriate.

Although the Court is sympathetic to the fact that Plaintiff's claim has been pending for a substantial period of time, including one previous remand, that fact alone is not sufficient to support the remedy of reversal for an award of benefits.

Accordingly, for these reasons, the Court determines that it is appropriate to remand this matter to the Commissioner and, therefore, Defendant's Motion For Entry Of Judgment With Remand (Doc. 21) is due to be **GRANTED**. This action is hereby

**REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[15] to the

Commissioner for the Administrative Law Judge to:  (a) update the medical record from

treating sources and obtain neurological and mental status consultative examinations, if

needed; (b) obtain supplemental evidence from a medical expert to assist in evaluating

the nature and severity of the Plaintiff's impairments and in resolving any conflicts in

medical findings and opinions; (c) obtain supplemental evidence from a vocational

expert, if needed; (d) evaluate the nature and severity of all medically determinable

physical and mental impairments and provide a function by function assessment of

Plaintiff's maximum residual functional opinions, providing an explanation of the reasons

for the weight accorded to those opinions, including the opinions of Drs. Pedersen and

Schwartzman, and as appropriate, Ms. O'Meara; and (5) ensure that the findings are

consistent with the conclusions reached in the rationale. The Clerk is **DIRECTED** to

enter judgment accordingly, terminate any pending motions, and close the file.

> **IT IS SO ORDERED.**

> **DONE AND ORDERED** in Ocala, Florida, on October 24, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel

---

[15] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter.  Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).